(132 So. 58)

## DUNCAN v. ROBERTSON.
### 7 Div. 994.

Supreme Court of Alabama.

Dec. 4, 1930.

Culli, Hunt & Culli, of Gadsden, for petitioner.

L. B. Rainey, of Gadsden, opposed.

ANDERSON, C. J.

Count 1, the only one in the complaint, charges the injuries of the plaintiff as being proximately caused by the negligence of the defendant's servant in running the truck into the plaintiff's automobile, and this was the gist or gravamen of the action. True, the count, after describing the nature and character of the plaintiff's injuries, contained the additional averment "that it was night time and defendant's truck had no light burning thereon in violation of the laws of the State of Alabama"; but this averment was merely descriptive and was not the basis of the cause of action as set out in the complaint.

So much of the oral charge of the trial court as authorized a recovery if there was no light on the truck was improper, as it au-

thorized a recovery upon a fact not relied upon in the complaint and ignored the rule of probata and allegata.

Nor do we find that this error was cured or neutralized by the given written charges, if such could be done, and which is a question of serious doubt.

The writ of certiorari is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

All the Justices concur.